IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| TENGION, INC., | : | Case No. 14-12829 (CSS) |
| | : | |
| Debtor. | : | Related Docket No. 27 |

**ORDER (A) APPROVING THE PRIVATE SALE AGREEMENT WITH REGENMEDTX, LLC, (B) APPROVING THE BREAK-UP FEE AND EXPENSE REIMBURSEMENT RELATING TO THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (C) APPROVING THE CURE PROCURES AND THE FORM AND MANNER OF NOTICE THEREOF, AND (D) SETTING SALE HEARING DATE**

Upon consideration of part 1 of the motion, (the "Motion")[1], filed by Charles A. Stanziale, Jr., in his capacity as the Chapter 7 Trustee (the "Chapter 7 Trustee") for the bankruptcy estate of Tengion, Inc., (the "Debtor"), by and through his undersigned attorneys, pursuant to sections 105(a) 363 and 365 of Title 11 of the United States Code, §§ 101-1532 (as amended, the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (a) approving the Private Sale Agreement relating to the sale of substantially all assets of the Debtor (the "Assets") to RegenMedTX, LLC (the "Buyer") (the "Private Sale Agreement"), (b) approving the Break-Up Fee and Expense Reimbursement relating to the sale of substantially all of the Debtor's Assets, (c) approving the cure procedures and the form and manner of notice thereof, and (d) setting a hearing date to approve the sale (the "Sale Hearing"); and the Court having conducted a hearing (the "Hearing") on the relief sought in part 1 of the Motion, or having concluded that no such hearing was necessary; and due and proper notice of the Motion having been provided; and the Bankruptcy Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the Hearing; and it appearing that the relief sought in the Motion is in

---

[1] All capitalized terms not otherwise specifically defined herein shall have the same meaning ascribed to them in the Motion.

ME1 19854807v.1

the best interest of the Debtor, the creditors of the Debtor's estate, and all other parties in interest; and it further appearing that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefore,

**IT IS HEREBY FOUND AND DETERMINED THAT:[2]**

A. The Bankruptcy Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334. Consideration of the Motion and the relief requested therein constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of the Motion and this case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The basis for the relief sought in the Motion are sections 363(b), (f), (k) and (m) and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9014, and the applicable Local Rules of the Bankruptcy Court.

C. As evidenced by the Affidavit of Service previously filed with the Bankruptcy Court, (i) due, proper, timely, adequate and sufficient notice of the Motion has been provided (ii) such notice was good, sufficient and appropriate under the circumstances, and reasonably calculated to reach and appraise all parties in interest about the Motion, and (iii) no other or further notice of the Motion need be provided.

D. The Chapter 7 Trustee has demonstrated a compelling and sound business justification for entering into the Private Sale Agreement, and the consummation of the private sale of the Assets to the Buyer is in the best interests of the Debtor, the creditors of the Debtor's estate, and all other parties in interest. The Private Sale Agreement is reasonable and appropriate in light of the sale.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

2

ME1 19854807v.1

E. The Buyer has expended, and likely will continue to expend, considerable time, money and energy pursuing the purchase of the Assets and has engaged in extended arm's-length and good faith negotiations.

F. Recognizing this expenditure of time, energy and resources, the Chapter 7 Trustee has agreed to pay the Break-Up Fee and Expense Reimbursement to the Buyer under certain terms and conditions, as set for the in the Motion. The Break-Up Fee and Expense Reimbursement is (i) an actual and necessary cost and expense of preserving the Debtor's estate within the meaning of Bankruptcy Code section 503(b); (ii) commensurate to the real and substantial benefit conferred upon the Debtor's estate by the Buyer (iii) reasonable and appropriate in light of the size and nature of the proposed sale, comparable transactions, the commitments that have been made, and the efforts that have been and will be expended by the Buyer; and (iv) necessary to induce the Buyer to continue to pursue the purchase of the Assets and to consummate the transaction documents.

G. The Chapter 7 Trustee has demonstrated a sound business justification for authorizing the payment of the Break-Up Fee and Expense Reimbursement to the Buyer. The Break-Up Fee and Expense Reimbursement has been negotiated at arm's-length and is reasonable under the circumstances.

**NOW THEREFORE, THE COURT HEREBY ORDERS THAT:**

1. The relief requested in part 1 of the Motion shall be, and hereby is, granted. All objections to part 1 of the Motion or the relief provided herein that have not been withdrawn, waived or settled, shall be, and hereby are, overruled and denied on the merits with prejudice.

2. The Private Sale Agreement is hereby approved to the Buyer,[3] ^as to form. The Chapter 7 Trustee is authorized to make those payments set forth in the Motion to maintain and preserve the North Carolina Facility through February 28, 2015.

3. Any objector to the sale must file and serve an objection to the Private Sale two days prior to the Sale Hearing.

4. Any overbidder must file an objection to the sale and provide the Chapter 7 Trustee, no later than two days prior to the Sale Hearing, an executed asset purchase agreement, subject to substantially the same or more favorable terms and conditions as are contained in, and marked to show changes from, the Private Sale Agreement, and subject to all other terms referenced in the Motion, including an all cash offer of at least $1,545,000 plus (ii) reimbursement of amounts expended by the Buyer, including any documented and reasonable professional fees, costs, and expenses as approved by the Bankruptcy Court and including but not limited to the North Carolina Carry Costs and Intellectual Property Fees and Expenses paid by the Buyer, plus (iii) either (x) an assignment of Secured Notes in an amount equal to or greater than the Assigned Secured Claims, or (y) cash in an amount which equals or exceeds the value of the Assigned Secured Claims. At such time, such overbidder must also provide the Chapter 7 Trustee with evidence of such overbidder's financial wherewithal to consummate the transaction contemplated by such agreement.

5. The Break-Up Fee and Expense Reimbursement (including documented and reasonable professional fees, costs and expenses) is approved and shall be payable to the Buyer only if the Chapter 7 Trustee consummates a sale with an alternative buyer. At the Sale Hearing,

---

[3] To the extent that any conflict or ambiguity exists between the terms defined in the Motion and the Private Sale Agreement, the defined terms in the Private Sale Agreement shall control. For clarification, the Private Sale Agreement does not include any of the assets which were located in the Debtor's Pennsylvania facility (the "PA Facility") ^and does not include the sub-lease between the Debtor and Corporate Interiors at the PA Facility or any assignment thereof. ^as of the date of the entry of this Order

MEI 19854807v.1

in the event an alternate bidder is deemed the successful bidder, the Buyer shall provide the Bankruptcy Court with documentation regarding the Expense Reimbursement. The Buyer shall keep the Seller appraised of all North Carolina Carry Costs and Intellectual Property Fees and Expenses actually made through Closing. In the event the Sale Order is not entered through ~~any~~ no fault of the Buyer, then the Buyer shall be entitled to reimbursement of any actual North Carolina Costs and Intellectual Property Fees and Expenses paid through the denial of the Sale Order.

6. The cure notice procedures as set forth in the Motion is hereby approved in all respects and shall govern the assumption and assignment of any executory contracts or unexpired leases pertaining to the sale of the Assets. Any counter party wishing to object to the Cure Notice must file an objection and prosecute their objection at the Sale Hearing.

7. The Sale Hearing to consider the Sale of the Assets shall take place before the Honorable Christopher S. Sontchi, in the Bankruptcy Court, 824 N. Market Street, 5th Floor, Courtroom ~~#6~~ #4, Wilmington, Delaware 19801, **on March** 6 **, 2015, at** 10:00 a**.m. (prevailing Eastern Time).**

8. Within three (3) business days of entry of this Order, the Motion and the proposed order granting part 2 of the Motion shall be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Buyer; (iii) all parties who have entered a notice of appearance in the Debtor's case pursuant to Bankruptcy Rule 2002, and (iv) all applicable federal, state and local regulatory or taxing authorities or recording offices which are known by the Chapter Trustee to have an interest in the relief requested in the Motion. Notice of this Motion has been provided to anyone who previously expressed an interest in the Assets and all known creditors including lienholders advising them that a complete copy of the Motion with

5

the attached Private Sale Agreement can be obtained upon written request to counsel for the Chapter 7 Trustee.

9. Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 6006(d), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

10. This Court shall retain jurisdiction to resolve any dispute relating to the Sale of the Assets.

Dated: __2/20__, 2015
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

ME1 19854807v.1