# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | : Chapter 7 |
| TENGION, INC., | : Case No. 14-12829 (CSS) |
| Debtor. | : Related Docket Nos. 27 & 35 |

### ORDER AUTHORIZING AND APPROVING THE PRIVATE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS TO REGENMEDTX, LLC FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS

Upon the motion (the "Motion")[1] filed by Charles A. Stanziale, Jr., in his capacity as the Chapter 7 Trustee (the "Chapter 7 Trustee") for the bankruptcy estate of Tengion, Inc.(the "Debtor") by and through his counsel, McCarter & English, LLP, pursuant to Sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), for entry of an Order (i) authorizing and approving the Chapter 7 Trustee's entry into a private sale agreement by and between the Chapter 7 Trustee and RegenMedTX, LLC (the "Buyer"), dated February 12, 2015 (the "Private Sale Agreement"), a true and complete copy of which is annexed to the Motion as **Exhibit A**, providing for the private sale of substantially all of the Debtor's Assets in exchange for the Chapter 7 Trustee receiving from the Buyer the consideration contemplated by the Private Sale Agreement (including, without limitation, the payment in the amount of $1,500,000.00 plus a credit bid and waiver of the Buyer's secured claims against the Debtor), and (ii) granting such other and further relief as the Court deems just and proper; and the Court having determined that the Buyer is a good faith purchaser in accordance with Section 363(m) of the Bankruptcy Code; and all parties in interest having been heard, or having had the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ME1 19934686v.1

opportunity to be heard, regarding the Private Sale Agreement; and the Court having reviewed and considered the Motion, all arguments made and all evidence presented at the hearing on the Motion (the "Sale Hearing"); and upon the record of the Sale Hearing, any and all declarations, materials and representations made by or submitted by the Chapter 7 Trustee in connection with the Motion; and it further appearing that the relief provided in this Order is in the best interest of the Debtor's estate and all other parties in interest; and after due deliberation thereon, and for other good and sufficient cause appearing therefor:

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A.   The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334. Consideration of the Motion and the relief requested therein constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of the Motion and the Debtors' cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.   The basis for the relief sought in the Motion are Sections 105(a) and 363(b), (f), (k), (m) and (n) and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9014, and the applicable Local Rules of the United States Bankruptcy Court for the District of Delaware.

C.   As evidenced by the Certificate of Service previously filed with the Court, (i) due, proper, timely, adequate and sufficient notice of the Motion and the Sale Hearing have been provided, (ii) such notice was good, sufficient and appropriate under the circumstances, and reasonably calculated to reach and appraise all parties in interest about the sale of the Assets, the Sale Hearing, and related relief, and (iii) no other or further notice of the Motion, the Sale Hearing and the sale of the Assets need be provided.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

2

ME1 19934686v.1

D. The Chapter 7 Trustee has demonstrated a compelling and sound business justification for entering into the Private Sale Agreement with the Buyer, and the consummation of the private sale of the Assets to the Buyer is in the best interests of the Debtor's bankruptcy estate, and all other parties in interest.

E. The Chapter 7 Trustee has the requisite power and authority to execute, deliver and perform his obligations under the Private Sale Agreement, and the Private Sale Agreement constitutes the legal, valid and binding obligation of the Chapter 7 Trustee.

F. The sale of the Assets to the Buyer was negotiated and proposed, and has been entered into by parties in good faith from arms-length bargaining positions and without collusion. The Buyer is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Buyer nor the Chapter 7 Trustee engaged in any conduct that would cause or permit the sale of the Assets by the Chapter 7 Trustee to the Buyer to be avoided under Section 363(n) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale to the Buyer pursuant to the terms of the Private Sale Agreement, shall not affect the validity of the Private Sale Agreement, or the rights of the Buyer in and to the Assets, unless such authorization is duly stayed pending appeal.

G. The consideration provided by the Buyer to the Chapter 7 Trustee for the Assets and for the releases contemplated by the Private Sale Agreement is fair and reasonable and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

H. The Chapter 7 Trustee is authorized to sell the Assets free and clear of all liens, claims, security interests, pledges, charges, options, encumbrances and interests of any kind

whatsoever (collectively, the "Encumbrances") because one or more of the standards set forth in subsections (f)(1)-(f)(5) of Section 363 of the Bankruptcy Code have been satisfied with respect to each of the Encumbrances. Those holders of Encumbrances, if any, who did not object to the Motion and the relief requested therein are deemed to have consented to the sale of the Assets pursuant to Section 363(f)(2) of the Bankruptcy Code.

I. The sale of the Assets to the Buyer will be a legal, valid and effective transfer of the Assets, and will vest the Buyer with all right, title and interest of the Debtor to the Assets free and clear of all Encumbrances.

J. Notwithstanding the payment and satisfaction of any Encumbrance against the Assets, the Chapter 7 Trustee reserves the right to challenge the extent, validity and priority of such Encumbrances and to demand the return of any monies paid or disbursed to such holders of Encumbrances from the proceeds of sale under applicable law.

**NOW THEREFORE, THE COURT HEREBY ORDERS THAT:**

1. The relief requested in the Motion shall be, and hereby is, granted. All objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, shall be, and hereby are, overruled and denied on the merits with prejudice.

2. Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006, the Chapter 7 Trustee shall be, and hereby is, authorized to (i) conduct a private sale of the Assets to the Buyer, and (ii) sell, transfer and convey the Assets to the Buyer in accordance with and subject to the terms set forth in the Private Sale Agreement.

3. Other than as specifically set forth herein, the Private Sale Agreement shall be, and hereby is, approved in all respects and shall apply to the sale of the Assets to the Buyer.

4. The Private Sale Agreement is hereby deemed amended to reflect that the Seller shall reserve five (5%) percent of the net sale proceeds for the benefit of unsecured creditors.

5. Pursuant to Section 363(b) of the Bankruptcy Code, the Chapter 7 Trustee shall be, and hereby is, authorized and directed to take any and all actions necessary or appropriate to implement and effectuate the terms of the sale of the Assets, including all expenditures of monies necessary to implement and effectuate the terms of the Private Sale Agreement. Additionally, the Chapter 7 Trustee is authorized to enter into the releases contemplated by the Private Sale Agreement, including (without limitation) with respect to the releases of causes of action arising under chapter 5 of the Bankruptcy Code, pursuant to the terms set forth in the Private Sale Agreement[3] which include those releases which shall be deemed effective upon the expiration of 120 days from the entry of the Sale Order as set forth in Section 5.2(d) of the Private Sale Agreement.

6. Pursuant to Sections 363(b) and 363(f) of the Bankruptcy Code, upon the consummation of the sale of the Assets to the Buyer, the Assets shall be, and hereby are, transferred to the Buyer, free and clear of all Encumbrances, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to the commencement of the Debtors' bankruptcy cases, and whether imposed by agreement, understanding, law, equity or otherwise, including claims otherwise arising under doctrines of successor liability, with all such Encumbrances to attach to

---

[3] Section 1.9(d) of the Private Sale Agreement is hereby deemed amended to include Aon Risk Solution (only with respect to clinical trial insurance policies and specifically not related to any D&O or E&O insurance policies), Biomeureux, Invitrogen, Blackwell Partners, LLC, Convergent Technologies, CTI Clinical Trial and Consulting Services, Fawn Industrial, LLC, Johnson Controls, Inc., Karolinska Hospital, PAREXEL International Corporation, RegenMedTX, LLC, Triangle Certification and UNC Chapel Hill.

the ~~cash~~ proceeds of the sale of the Assets in order of their priority, with the same validity, force and effect which they now have as against the Assets, subject to any claims and defenses that the Chapter 7 Trustee may possess with respect thereto. Following the consummation of the sale of the Assets to the Buyer, any and all creditors of the Debtor are hereby forever barred and permanently enjoined and restrained from seeking to obtain payment or satisfaction of their claims against the Debtor or the Chapter 7 Trustee from the Buyer. Furthermore, no holder of any Encumbrance shall interfere with the Buyer's ownership, use and enjoyment of the Assets based on or related to such Encumbrances, and no person or entity shall take any action to interfere with or otherwise enjoin consummation of the transactions contemplated in or by the Private Sale Agreement or this Order.

7. Pursuant to Section 363(k) the Buyer is permitted to credit bid its secured claims against the Debtor, pursuant to the terms of the Private Sale Agreement and at closing the Assigned Secured Claims[4] shall be deemed waived and expunged.

8. Pursuant to 11 U.S.C. § 365 the Seller is authorized to assume and assign the executory contracts and leases with Johnson Controls, Inc., Fawn Industrial, LLC and the clinical trial insurance policies provided by Aon Risk Solutions to the Buyer.

9. This order and the Private Sale Agreement shall be binding upon the Chapter 7 Trustee, the Debtor, all creditors of the Debtor, and any trustee appointed in any subsequent proceeding under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtor.

10. Notwithstanding Bankruptcy Rules 6004 or 6006 (and as provided by Bankruptcy Rule 7062, to the extent applicable), this Order shall not be stayed for fourteen (14) days after

---

[4] The Private Sale Agreement is hereby deemed amended to reflect that the Assigned Secured Claims which shall be deemed waived and expunged at closing includes the claims of Blackwell Partners, LLC.

the entry hereof and shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

11. To the extent this Order is inconsistent with the Motion, the terms of this Order shall control.

12. This Court shall retain jurisdiction to resolve any dispute arising from or relating to the Sale or this Order.

Dated: 3/6, 2015
Wilmington, DE

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge