**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| TENGION, INC. | Lead Case No. 14-12829 (CSS) |
| Debtor. | |
| CHARLES A. STANZIALE, JR., solely in his capacity as the Chapter 7 Trustee of Tengion, Inc., | |
| Plaintiff,<br>v. | Adv. Pro. No. 15-50913 (CSS) |
| | **Objection Deadline: 11/3/2015 @ 4:00 p.m.**<br>**Hearing Date: 11/18/2015 @ 11:00 a.m.** |
| CAROLINA SERVICES OF THE TRIAD, INC., | |
| Defendant. | |

**TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT OF AVOIDANCE
ACTION PURSUANT TO FED. R. BANKR. P. 9019**

Charles A. Stanziale, Jr. (the "Trustee"), in his capacity as the Chapter 7 Trustee of the estate of Tengion, Inc. (the "Debtor"), through his undersigned counsel, moves this Court for entry of an Order Approving Settlement of Avoidance Action Pursuant to Fed. R. Bankr. P. 9019 (the "Motion"), and in support thereof, states as follows:

**JURISDICTION, VENUE, PREDICATES FOR RELIEF**

1.      The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The predicate for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 9019").

## BACKGROUND

4.      On December 29, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Bankruptcy Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

5.      On or about December 30, 2014, Charles A. Stanziale, Jr. was appointed as the Trustee in the Debtor's case.

6.      On February 9, 2015, the Bankruptcy Court entered an Order authorizing the employment of McCarter & English, LLP as counsel to the Trustee, *nunc pro tunc* to December 30, 2014 [Docket No. 25].

7.      In accordance with his duties under the Bankruptcy Code, the Trustee has begun investigating the estate's potential causes of action to avoid transfers pursuant to section 547 of the Bankruptcy Code.

8.      To that end, the Trustee commenced and has now settled (the "Settlement"), subject to Bankruptcy Court approval, a preference action, case no. 15-50913 (the "Action"), with Carolina Services of the Triad, Inc. ("CST").

9.      The Trustee seeks Bankruptcy Court approval of the Settlement.

## SUMMARY OF SETTLEMENT[1]

10.      In full and final settlement of the Action against CST, wherein the Trustee sought the avoidance and recovery of $26,964.97, CST shall pay the sum of $2,500 to the Trustee for the benefit of the Debtor's estate and its creditors upon entry of an order approving the Settlement.  Additionally, CST and the Trustee each grant and accept mutual releases of any and all related claims as more fully set forth in the agreement that memorializes the terms of the

---

[1] This summary is included solely for ease of reference but is in no way controlling over terms contained in the settlement agreement.

ME1 21288001v.1

Settlement (the "<u>Settlement Agreement</u>").

<b><u>RELIEF REQUESTED</u></b>

11.    By this Motion, the Trustee seeks entry of an order, substantially in the form of the Proposed Form of Order, approving the Settlement.

12.    Bankruptcy Rule 9019 governs the approval of compromises and settlements, and provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019.

13.    The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored."  *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also Matter of Penn Central Transp. Co*., 596 F.2d 1102, 1113 (3d Cir. 1979) ("In administrating reorganization proceedings in an economical and practical matter it will often be wise to arrange the settlement of claims . . .") (internal citation marks and quotation marks omitted).

14.    In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] [it]self of all facts necessary [to form] an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, [and] estimate . . . the complexity, expense and likely duration of such litigation . . . [and ] all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Matter of Penn Central Transp. Co.*, 596 F.2d at 1114; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998)

(describing the "ultimate inquiry to be whether the compromise is fair, reasonable, and in interest of the estate") (internal citations and quotation marks omitted).

15.     The decision to approve a compromise is "within the [sound] discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296.   In making its decisions, the bankruptcy court should not substitute its judgment for that of the debtor.   The court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise.   Rather, the court must conclude that the settlement is within the range of litigation possibilities") (internal quotation marks and citations omitted).

16.     The United States Court of Appeals for the Third Circuit has enumerated four factors (the "*Martin* factors") that should be considered in determining whether a compromise should be approved:   "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)); *accord In re Nutraquest, Inc.,* 434 F.3d 639, 644 (3d Cir. 2006).

17.     In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee, the parties and their counsel in determining the

reasonableness of the proposed settlement." *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 412 (N.D. Ohio 1987); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other") (internal citations omitted).

18.     Here, the Trustee believes that the Settlement rises well above the "lowest point in the range of reasonableness."  In addition, as discussed below, each of the applicable *Martin* factors set forth above weighs in favor of approving the Settlement.[2]  The Trustee therefore respectfully requests that this Court approve the Settlement pursuant to Bankruptcy Rule 9019 and applicable law.

A.     <u>Probability of Success in Litigation</u>

19.     Absent the Settlement, the Trustee's claim against CST would have to be litigated with no assurances of favorable outcomes for the Debtor's estate.  The resolution of the claim under the terms and conditions of the Settlement is a favorable outcome for the Debtor's estate and its creditors, because the resolution will save the Debtor's estate from incurring significant attorneys' fees and expenses in any attendant litigation.  It will also protect the Debtor's estate from the risk of an unfavorable outcome.  Indeed, the Trustee evaluated and considered the merits of any affirmative defenses asserted by CST when entering into the Settlement.

---

[2] The Trustee believes that the Settlement does not present any issues regarding the second *Martin* factor (consisting of likely difficulties in collection). Therefore, this factor weighs neither in favor nor against approval of the Settlement Agreement.

ME1 21288001v.1

**B.**     **Complexity of Litigation Involved and Expense, Inconvenience, and Delay Necessarily Attending the Litigation**

20.     The Trustee's claim involves detailed and fact-specific issues regarding the alleged transfers that may be avoidable under chapter 5 of the Bankruptcy Code, which could potentially require protracted litigation.  This litigation would be expensive for the Debtor's estate, among other things.  The Settlement avoids these obstacles in favor of a prompt and efficient resolution without the need to expend further estate resources.

**C.**     **Paramount Interest of Creditors**

21.     Finally, entry into the Settlement also serves the paramount interest of the creditors of the Debtor's estate.  Resolution of the claims through the Settlement represents a successful outcome for the Debtor's creditors by obviating the need for protracted litigation and the expenses necessarily attendant to such litigation.  The fourth *Martin* factor is therefore satisfied and weighs heavily in favor of the Court approving the Settlement.

22.     Based on the foregoing, the Trustee submits that approval of the Settlement is in the best interests of the Debtor's estate and its creditors, as it eliminates the possibility of any protracted litigation with CST, eases the administrative burden on the estate, and provides for a meaningful recovery for the benefit of the Debtor's estate and its creditors.  The Settlement therefore represents a compromise between the parties that is fair and equitable and in the best interests of the Debtor's estate and its creditors.

## NOTICE

23.     The Trustee has served notice of this Motion on the United States Trustee, CST, and parties who are required notice under Bankruptcy Rule 2002.

24.     No prior request for the relief sought herein has been made to any court.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter the attached Proposed Form of Order granting the Trustee's Motion approving the Settlement and granting such other and further relief as the Court deems just and equitable.

Dated: October 14, 2015               **McCARTER & ENGLISH, LLP**
      Wilmington, Delaware

By: */s/ Katharine L. Mayer*
Katharine L. Mayer (DE # 3758)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone: (302) 984-6300
kmayer@mccarter.com

*- and -*

Charles A. Stanziale, Jr.
Jeffrey T. Testa
Matthew B. Heimann
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
mheimann@mccarter.com

*Attorneys for the Chapter 7 Trustee*

ME1 21288001v.1