**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| TENGION, INC. | Case No. 14-12829 (CSS) |
| Debtor. | **Objection Deadline: June 5, 2017 @ 4:00 p.m.**<br>**Hearing Date: July 15, 2017 @ 11:15 a.m.** |
| CHARLES A. STANZIALE, JR., solely in his capacity as the Chapter 7 Trustee of Tengion, Inc., | |
| Plaintiff, | |
| v. | |
| AC LORDI CONSULTING | Adv. Proc. No. 16-51845 (CSS) |
| COVENTRY BURNER & HEATING SERVICES, INC. | Adv. Proc. No. 16-51873 (CSS) |
| JEFFRIES LLC | Adv. Proc. No. 16-51965 (CSS) |
| Defendants. | |

**TRUSTEE'S MOTION FOR OMNIBUS APPROVAL OF
COMPROMISES AND SETTLEMENTS OF CERTAIN PREFERENCE CLAIMS
PURSUANT TO FED. R. BANKR. P. 9019**

Charles A. Stanziale, Jr. (the "**Trustee**"), in his capacity as the chapter 7 trustee for the bankruptcy estate of Tengion, Inc. (the "**Debtor**"), through his undersigned counsel, moves this Court for entry of an order approving *Trustee's Motion for Omnibus Approval of Compromises and Settlement of Certain Preference Claims Pursuant to Fed. R. Bankr. P. 9019* (the "**Motion**"), and in support thereof, states as follows:

**JURISDICTION, VENUE, AND PREDICATE FOR RELIEF**

1.      The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408, 1409.

ME1 24562904v.1

3.     The predicate for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rule 9019**").

## BACKGROUND

4.     On December 29, 2014 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Bankruptcy Code (as amended, the "**Bankruptcy Code**") in the Bankruptcy Court.

5.     On or about December 30, 2014, Charles A. Stanziale, Jr. was appointed as the Trustee in the Debtor's case.

6.     On March 9, 2015, the Bankruptcy Court entered an Order approving the retention of Crowe Horwath, LLP ("**Crowe**") as the Trustee's forensic accountants *nunc pro tunc* to December 30, 2014.

7.     On February 13, 2017, the Bankruptcy Court entered an Order authorizing the employment of McCarter & English, LLP as counsel to the Trustee, which was later amended [D.I. 122] to adjust the compensation terms for McCarter & English, LLP's legal work on preference actions (from hourly to contingency).

8.     In accordance with his duties under the Bankruptcy Code, the Trustee has investigated the financial affairs of the Debtor, examined issues for the collection of estate property, and reviewed potential causes of action to avoid preferential transfers.

9.     Prior to commencing litigation, the Trustee and his counsel met and conferred with Crowe with regard to potential preference actions and avoidable transfers made by the Debtor.

10.    Before commencing formal litigation, the Trustee sent demand letters to various non-insider litigation targets in an effort to resolve various matters prior to the commencement of

ME1 24562904v.1

formal litigation.

11.      In late December 2016, the Trustee filed adversary proceedings against numerous defendants.   After reviewing defenses, the Trustee has settled, subject to Bankruptcy Court approval, certain asserted preference claims (collectively, the "**Settlements**") against the following non-insider defendants (collectively, the "**Defendants**"):

      i.      AC Lordi Consulting ("**AC Lordi**");

      ii.      Coventry Burner & Heating Services, Inc. ("**Coventry**"); and

      iii.      Jefferies LLC (inadvertently plead as Jeffries LLC ("**Jefferies**").

12.      By this Motion, the Trustee also seeks Bankruptcy Court approval of the Settlements.

### SUMMARY OF THE SETTLEMENTS SUBJECT TO COURT APPROVAL[1]

| Transferee | Demand | Settlement Amount | Notes |
|---|---|---|---|
| AC Lordi Consulting | $119,930.86 | $25,736.73 plus waiver of 11 U.S.C. § 502(h) claim | Ordinary-Course and New-value Defenses and Challenges to Antecedent Debt; Mutual releases |
| Coventry Burner & Heating Services, Inc. | $6,805.00 | $5,000.00 plus waiver of 11 U.S.C. § 502(h) claim | Ordinary-Course and New-value Defenses; Mutual releases |
| Jefferies LLC | $150,000.00 | $3,000.00 plus waiver of 11 U.S.C. § 502(h) claim | Ordinary-Course and New-value Defenses; Mutual releases |

### RELIEF REQUESTED

13.      By this Motion, the Trustee seeks entry of an order, substantially in the form of the Proposed Form of Order, approving the Settlements.

14.      Bankruptcy Rule 9019, which governs the approval of compromises and

---

[1] This summary is included for ease of reference and is not controlling over the terms of the respective settlement agreements.

ME1 24562904v.1

settlements, provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

FED. R. BANKR. P. 9019.

15.    Bankruptcy Rule 9019 contains no standards for judicial approval of a settlement, but case law directs the Bankruptcy Court to determine whether the settlement is fair and equitable and in the best interests of the estate.  *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968).  The settlement need not be the best that could have been achieved, but only must fall "within the reasonable range of litigation possibilities." *In re Penn Cent. Transp. Co.,* 596 F.2d 1102, 1114 (3d Cir. 1979) (citation omitted).

16.    The decision to approve a settlement is "within the [sound] discretion of the bankruptcy court."  *In re World Health Alternatives, Inc.*, 344 B.R. at 296.  In making its decisions, the Bankruptcy Court should not substitute its judgment for that of the trustee.  The Bankruptcy Court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness."  *Cosoff v. Rodman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise.  Rather, the court must conclude that the settlement is within the range of litigation possibilities") (internal quotation marks and citations omitted).

17.    The United States Court of Appeals for the Third Circuit has identified four

factors (the "*Martin* factors") that should be considered in determining whether a compromise should be approved:  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.*, 390 U.S. at 424-25).

18.     In passing on the reasonableness of a proposed compromise, the Bankruptcy Court "may give weight to the opinions of the Trustee, the parties and their counsel in determining the reasonableness of the proposed settlement."  *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 412 (N.D. Ohio 1987); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other") (internal citations omitted).

19.     The Trustee believes that the Settlements rise well above the "lowest point in the range of reasonableness."  Additionally, as discussed more fully below, each of the applicable *Martin* factors set forth above weighs in favor of approving the Settlements.  The Court should therefore approve the Asserted Preference Claim Settlements pursuant to Bankruptcy Rule 9019 and applicable law.

1.     **Probability of Success in Litigation**

20.     Absent the Settlements, the claims would have to be litigated with no assurances of favorable outcomes for the Debtor's estate.  The resolution of the claims under the terms and conditions of the Settlements is a favorable outcome for the Debtor's estate and its creditors

because the resolution will allow the Trustee and his professionals to dedicate their time and resources in administrating the estate and pursuing other matters toward that end. The Trustee and his professionals evaluated and considered the merits of the raised asserted defenses by the Defendants when entering into the Settlements.

### 2.    Expense, Inconvenience, and Delay Necessarily Attending the Litigation

21.    The preference claims involve specific factual issues regarding the alleged transfers being pursued for avoidance under chapter 5 of the Bankruptcy Code, which could potentially require protracted litigation and, in turn, direct the Trustee and his professionals from pursuing other avenues of recovery for the estate. The Settlements avoid these obstacles in favor of a prompt and efficient resolution without the need to expend further estate resources, while at the same time ensuring that the Trustee is maximizing the value of the Debtor's estate and administering his fiduciary duties.

### 3.    Paramount Interest of Creditors

22.    Finally, approval of the Settlements serves the paramount interest of the creditors of the Debtor's estate. Resolution of the preference claims through the Settlements represents a successful outcome for the Debtor's creditors by obviating the need for potentially protracted litigation and directing the Trustee and his professionals' attention to pursue other recoveries and/or causes of action. As the Settlements result in funds coming back to the Debtor's estate for the benefit of all creditors, the fourth *Martin* factor is satisfied and weighs heavily in favor of the Court approving the Settlements.[2]

23.    Based on the foregoing, the Trustee submits that approval of the Settlements is in the best interests of the Debtor's estate and its creditors because it eliminates the possibility of

---

[2] The second *Martin* factor (difficulty of collection) does not apparently apply to the consideration of approving the Settlements, and therefore should be weighed neutrally in the analysis.

ME1 24562904v.1

any protracted litigation with the respective Defendants, eases the administrative burden on these estates, and provides for a meaningful recovery for the benefit of the Debtor's estate and its creditors.  The Settlements therefore represent a compromise between the parties that is fair and equitable and in the best interests of the Debtor's estate and its creditors.

## NOTICE

24.     The Trustee has served the Motion on the United States Trustee, counsel for the Defendants or the Defendants, and parties who are required notice under Bankruptcy Rule 2002 as referenced below.  Notice of the Motion has been served on all creditors per the parties referenced on the annexed **Exhibit A**.  A complete copy of the Motion and the Settlement Agreements are available upon written request to the undersigned counsel for the Trustee.

25.     No prior request for the relief sought herein has been made to any court.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that this Court enter the attached Proposed Form of Order granting Trustee's Motion approving the Settlements and granting such other and further relief as the Court deems just and equitable.

Dated: May 22, 2017
      Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

*/s/ Matthew J. Rifino*
Matthew J. Rifino (DE# 4749)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone: (302) 984-6300
mrifino@mccarter.com

ME1 24562904v.1

*- and -*

Charles A. Stanziale, Jr.
Jeffrey T. Testa
Matthew B. Heimann
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
jtesta@mccarter.com
mheimann@mccarter.com

*Attorneys for the Chapter 7 Trustee*