**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TENGION, INC.,<br><br>      Debtor. | Chapter 7<br><br>Case No. 14-12829 (CSS)<br><br>Hearing Date: October 18, 2017 at 10:00 A.M.<br>Obj. Deadline: September 15, 2017 at 4:00 P.M. |
| CHARLES A. STANZIALE, JR., solely in his capacity as the Chapter 7 Trustee of Tengion, Inc.,<br><br>      Plaintiff,<br>  v.<br><br>Corning Incorporated Life Science,<br>United Healthcare Insurance Co.,<br>Fisher Scientific,<br>Life Techologies Corporation,<br><br>      Defendants. | <br><br><br><br><br><br><br><br><br>Adv. Pro. No. 16-51961 (CSS)<br>Adv. Pro. No. 16-51964 (CSS)<br>Adv. Pro. No. 16-51966 (CSS)<br>Adv. Pro. No. 16-51967 (CSS) |

**THIRD MOTION OF THE CHAPTER 7 TRUSTEE FOR OMNIBUS APPROVAL
OF COMPROMISES AND SETTLEMENTS OF CERTAIN PREFERENCE CLAIMS
PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF
<u>BANKRUPTCY PROCEDURE</u>**

    Charles A. Stanziale, Jr., solely in his capacity as the duly appointed, qualified and serving Chapter 7 Trustee (the "<u>Chapter 7 Trustee</u>") for Tengion, Inc. (the "<u>Debtor</u>") hereby submits this third motion (this "<u>Motion</u>") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for approval of compromises and settlements between the Chapter 7 Trustee and those persons and entities listed on the schedule annexed as **<u>Exhibit A</u>** hereto (collectively, the "<u>Settling Parties</u>") on the terms and conditions set forth in the

settlement agreements (collectively, the "Settlement Agreements") annexed hereto as **Exhibits B1** through **B4**. A proposed form of order (the "Proposed Form of Order") granting the relief requested is annexed hereto as **Exhibit C**. In support of the Motion, the Chapter 7 Trustee respectfully represents as follows:

### I.    Jurisdiction, Venue and Predicates for Relief

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are Bankruptcy Rule 9019(a) and Section 363(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code").

### II.    Background

**A.    General Background**

3. On December 29, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

4. On December 30, 2014 (the "Appointment Date"), the Office of the United States Trustee for the District of Delaware appointed Charles A. Stanziale, Jr. as the Chapter 7 Trustee in the Debtor's bankruptcy case (the "Bankruptcy Case").

**B.    The Preference Demands**

5. The Chapter 7 Trustee and his counsel commenced an investigation of all payments or transfers made to creditors during the ninety (90) days prior to the Petition Date for purposes of identifying those transfers that may be avoidable under section 547 of the Bankruptcy Code. Subsequently, the Chapter 7 Trustee issued a number of demand letters to

entities who received payments during the ninety-day avoidance period. Following the issuance of the demand letters, the Chapter 7 Trustee filed adversary proceeding complaints against certain defendants.

6. Subsequent to the issuance of the demand letters and the filing of the adversary proceeding complaints, the Chapter 7 Trustee and the Settling Parties, following a thorough analysis of the transfers and an evaluation of the merits of the alleged defenses (including documentation), and after good faith, arms-length negotiations, have each agreed to settle the alleged avoidable transfers pursuant to the terms and conditions set forth in the Settlement Agreements annexed hereto as **Exhibits B1** through **B4.**

7. The Chapter 7 Trustee submits that the settlements are fair and in the best interests of the Debtor's estate and its creditors, and therefore seeks the Court's approval of the proposed settlements in accordance with the terms of the Settlement Agreements.

### III. Summary of Relief Requested

8. By this Motion, the Chapter 7 Trustee seeks entry of an order, substantially in the form of the Proposed Form of Order, approving the compromises and settlements with the Settling Parties on the terms and conditions set forth in the Settlement Agreements.

### IV. Basis for Relief Requested

9. Bankruptcy Rule 9019(a) governs the approval of compromises and settlements, and provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

FED. R. BANKR. P. 9019(a).

10. The settlement of time-consuming and burdensome litigation, especially in the

bankruptcy context, is encouraged and "generally favored." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also Matter of Penn Central Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir. 1979) ("In administrating reorganization proceedings in an economical and practical matter it will often be wise to arrange the settlement of claims ... .") (internal citation marks and quotation marks omitted).

11.     In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit (the "Third Circuit") has stated that it is important that the bankruptcy court "apprise[] [it]self of all facts necessary [to form] an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, [and] estimate ... the complexity, expense and likely duration of such litigation ... all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Matter of Penn Central Transp. Co.*, 596 F.2d at 1114; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (describing the "ultimate inquiry to be whether the compromise is fair, reasonable, and in interest of the estate") (internal citations and quotation marks omitted).

12.     The Third Circuit has enumerated four (4) factors that should be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)); *accord In re Nutraquest, Inc.,* 434 F.3d 639, 644 (3d Cir. 2006).

13.     Furthermore, the decision to approve a compromise is "within the [sound] discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296. In

making its decisions, the bankruptcy court should not substitute its judgment for that of the debtor. The court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the range of litigation possibilities") (internal quotation marks and citations omitted).

14. In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee, the parties and their counsel in determining the reasonableness of the proposed settlement." *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 412 (N.D. Ohio 1987); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness ... . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other.") (internal citations omitted).

15. The Chapter 7 Trustee believes that all of the settlements identified on the schedule annexed hereto as **Exhibit A** rise well above the "lowest point in the range of reasonableness" in consideration of the defenses to the Chapter 7 Trustee's claims. Additionally, as discussed more fully below, each of the applicable *Martin* factors set forth above weighs in favor of approving the Settlement Agreements. The Court should therefore approve the Settlement Agreements pursuant to Bankruptcy Rule 9019 and applicable law.

### A.     Probability of Success in Litigation

16.     Absent the Settlement Agreements, the claims asserted in the adversary complaints filed against the Settling Parties would have to be litigated with no assurances of favorable outcomes for the Debtor's estate.  The resolution of the Chapter 7 Trustee's claims made on the Settling Parties under the terms and conditions of the Settlement Agreements are a favorable outcome for the Debtor's estate and its creditors because the resolutions will save the Debtor's estate from incurring expert witness and other expenses in any attendant litigation and protect the Debtor from the risk of an unfavorable outcome.  Indeed, the Chapter 7 Trustee evaluated and considered the merits of the affirmative defenses asserted by the Settling Parties when entering into the Settlement Agreements, including, but not limited to ordinary course, subsequent new value and contemporaneous exchange.

### B.     Complexity of Litigation Involved, and Expense, Inconvenience, and Delay Necessarily Attending the Litigation

17.     The Settlement Agreements satisfy the second factor in *Martin* analysis.[1]  Among other things, litigation of the claims by and between the Chapter 7 Trustee and the Settling Parties would involve expense and delay.  The Settlement Agreements avoid these obstacles in favor of a prompt and efficient resolution of the Chapter 7 Trustee's claims without the need to expend further estate resources.

### C.     Paramount Interest of Creditors

18.     Finally, entry into the Settlement Agreements serves the paramount interest of the creditors of the Debtor's estate. Resolution of the claims by and between the Chapter 7 Trustee and the Settling Parties through the Settlement Agreements represents a successful outcome for

---

[1] The Chapter 7 Trustee believes that the Settlement Agreements do not present any issues regarding the second *Martin* factor (consisting of likely difficulties in collection).  Therefore, this factor weighs neither in favor nor against approval of the Settlement Agreements.

the Debtor's creditors, infusing cash into the bankruptcy estate and obviates the need for potentially protracted litigation and the expenses necessarily attendant to such litigation. The fourth *Martin* factor is therefore satisfied and weighs heavily in favor of the Court approving the Settlement Agreements.

19. Based on the foregoing, the Chapter 7 Trustee submits that approval of the Settlement Agreements is in the best interests of the Debtor's estate and its creditors because it eliminates the possibility of any protracted litigation with the Settling Parties, eases the administrative burden on the estate, and provides for a meaningful recovery for the benefit of the Debtor's estate and its creditors. The Settlement Agreements therefore represent compromises between the parties that are fair, equitable and in the best interests of the Debtor's estate and its creditors.

## V.    Notice

20. Notice of this Motion has been given to (a) each of the Settling Parties, (b) the Office of the United States Trustee for the District of Delaware, and (c) and those parties that have formally requested receipt of pleadings in the Debtor's case pursuant to Bankruptcy Rule 2002.

**[Continued on next page – space intentionally left blank]**

## VI. Conclusion

**WHEREFORE**, for the foregoing reasons, the Chapter 7 Trustee respectfully requests that the Court (i) enter an order, substantially in the form of the Proposed Form of Order annexed hereto as **Exhibit C**, authorizing and approving the Settlement Agreements annexed hereto as **Exhibits B1** through **B4**, and (ii) grant such other and further relief to the Chapter 7 Trustee as is just and proper.

Dated:  August 29, 2017                              CIARDI CIARDI & ASTIN
           Wilmington, Delaware

                                                                 */s/ Joseph J. McMahon, Jr.*
                                                                 Daniel K. Astin (No. 4068)
                                                                 John D. McLaughlin, Jr. (No. 4123)
                                                                 Joseph J. McMahon, Jr. (No. 4819)
                                                                 1204 N. King Street
                                                                 Wilmington, Delaware  19801
                                                                 Telephone:  (302) 658-1100
                                                                 Facsimile:   (302) 658-1300
                                                                 jmcmahon@ciardilaw.com

                                                                 *Attorneys for Charles A. Stanziale, Jr.,*
                                                                 *Chapter 7 Trustee*