# EXHIBIT B4

## (SETTLEMENT AGREEMENT WITH LIFE TECHNOLOGIES CORPORATION)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TENGION, INC.,<br><br>　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 14-12829 (CSS) |
| CHARLES A. STANZIALE, JR., solely in his capacity as the Chapter 7 Trustee of Tengion, Inc.,<br><br>　　　　　　　　Plaintiff,<br>　　　v.<br><br>Life Techologies Corporation,<br><br>　　　　　　　　Defendant. | Adv. Pro. No. 16-51967 (CSS) |

**SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE**

　　　This Settlement Agreement and Mutual General Release (the "Settlement Agreement") is made by and between Charles A. Stanziale, Jr., in his capacity as the duly appointed, qualified and serving Chapter 7 Trustee (the "Chapter 7 Trustee") of Tengion, Inc. (the "Debtor"), and Life Technologies Corporation ("Life Tech," and together with the Chapter 7 Trustee, the "Parties"). The Parties, through their undersigned representatives, agree to the facts and terms of the Settlement Agreement as follows:

**RECITALS**

　　　**WHEREAS**, on December 29, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

　　　**WHEREAS**, on the Petition Date, the Office of the United States Trustee for the District of Delaware appointed Charles A. Stanziale, Jr., as the Chapter 7 Trustee in the Debtor's bankruptcy case; and

　　　**WHEREAS**, by a complaint filed December 29, 2016 (the "Complaint"), the Chapter 7 Trustee alleged that Life Tech received certain preferential transfers from the Debtor prior to the Petition Date in the amount of $71,542.09 (collectively, the "Transfers") that would have been property of the Debtor's bankruptcy estate in the absence of the Transfers and which the Chapter 7 Trustee alleged are recoverable and avoidable under Sections 547 and 550 of the Bankruptcy Code; and

**WHEREAS**, Life Tech denies liability for the repayment of the total amount of the Transfers and asserts certain affirmative defenses to the avoidance and recovery of the Transfers, including but not limited to the ordinary course defense; and

**WHEREAS,** the Parties wish to avoid the uncertainties and expense of litigation and to settle and compromise on the terms set forth below any and all claims that the Chapter 7 Trustee may assert on behalf of the Debtor or otherwise against Life Tech without admitting any liability therefore; and

**WHEREAS**, the Parties have had the opportunity to consult with counsel of their respective choice in connection with the matters raised in the Complaint and this Settlement Agreement; and

**WHEREAS**, each of the Parties to this Settlement Agreement agrees to bear its own costs and expenses, including attorneys' fees, arising out of the matters raised in the Complaint and this Settlement Agreement; and

**WHEREAS**, the Chapter 7 Trustee believes that the settlement provided for below is in the best interest of the Debtor's estate and falls within the range of reasonableness and should be approved under applicable law.

**NOW, THEREFORE**, in consideration of the premises aforesaid and the mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

**AGREEMENT**

1. **Recitals Incorporated**. The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Settlement Agreement.

2. **Settlement Consideration**. As consideration for the release set forth in Section 4 below and in full settlement of any and all claims against Life Tech relating to the Transfers and the Complaint, Life Tech agrees to (i) pay to the order of "Charles A. Stanziale, Jr., as Chapter 7 Trustee of EP Liquidation, LLC" the sum of Five Thousand Dollars ($5,000.00) (the "Settlement Sum"), and (ii) the releases set forth in section 5 below (collectively, (i) and (ii), the "Settlement Consideration"). The Settlement Sum shall be paid within ten (10) business days of the date of execution of this Settlement Agreement, which shall be held by the Chapter 7 Trustee until the occurrence of the Effective Date (defined below).

3. **Motion to Approve the Settlement Agreement**. No later than ninety (90) days after the date of execution of this Settlement Agreement, the Chapter 7 Trustee will move for and consent to the Bankruptcy Court's entry of an order (the "Approval Order"), which Approval Order shall (i) approve the terms and conditions of this Settlement Agreement in all respects, and (ii) authorize and direct the Parties to take such actions as are reasonably necessary or appropriate to consummate the transactions contemplated by this Settlement Agreement. The date on which the Bankruptcy Court enters the Approval Order on the docket of the bankruptcy proceeding of Tengion, Inc. shall be the "Effective Date." In the event that the Effective Date does not occur, this Settlement Agreement shall be deemed null, void and of no effect, and any amount of the

Settlement Agreement received by the Chapter 7 Trustee shall be returned to Life Tech within three (3) business days.

4. **Release by the Chapter 7 Trustee**. Except for the obligations expressly set forth in this Settlement Agreement, effective upon the occurrence of the Effective Date, in consideration of the Settlement Consideration, the Chapter 7 Trustee, in both his individual and representative capacities as the Chapter 7 Trustee and on behalf of the Debtor's estate, hereby releases and forever discharges Life Tech from any and all claims, claims for relief, demands, costs, damages, liabilities, and obligations of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, known or unknown, anticipated or unanticipated, or hereafter becoming known, that were or could have been asserted by Life Tech in connection with the Complaint.

5. **Release by Life Tech**. Effective upon the occurrence of the Effective Date, in consideration of the release set forth in Section 4 above, Life Tech hereby releases and forever discharges the Debtor, the Debtor's estate, the Chapter 7 Trustee in his individual and representative capacities, and the Chapter 7 Trustee's agents, attorneys, representatives, employees and their respective predecessors-in-interest and successors-in-interest from any and all claims, claims for relief, demands, costs, damages, liabilities, and obligations of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, known or unknown, anticipated or unanticipated, or hereafter becoming known, that were or could have been asserted by Life Tech in connection with the Debtor's bankruptcy case, including but not limited to any claim asserted in a proof of claim(s) filed against the Debtor, any claim scheduled by the Debtor on behalf of Life Tech or that otherwise relate in any way to the Transfers.

6. **Proof of Claim**. On the Effective Date, any and all proofs of claim filed against the Debtor by Life Tech will be deemed withdrawn with prejudice, null and void and of no effect, and Life Tech will not file any other proof of claim, including a claim under 502(h) of the Bankruptcy Code in the Debtor's bankruptcy case.

7. **Modifications to the Settlement Agreement**. This Settlement Agreement shall not be modified, altered, amended or vacated without the prior written consent of the Parties. Any such modification, alteration, amendment or vacation in whole or in part shall be subject to approval of the Bankruptcy Court. Any motion or application brought before the Bankruptcy Court to resolve any dispute arising or related to this Settlement Agreement shall be brought on proper notice in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court.

8. **Counterparts**. This Settlement Agreement may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Settlement Agreement by signing any such counterpart and each of such counterparts shall for all purposes be deemed an original. This Settlement Agreement may be executed by facsimile and/or e-mail which shall have the same force and effect as an original signature.

9. **Language Construed as Jointly Drafted by the Parties.** The Chapter 7 Trustee and Life Tech hereby agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against either of the Parties.

10. **Entire Agreement**. This Settlement Agreement is the entire agreement between the Parties and supersedes all prior agreements, understandings, or discussions, both written and oral, between the Parties in respect of the subject matter hereof.

11. **Successors and Assigns.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto, and their respective executors, heirs, successors and assigns.

12. **Further Assurances**. From time to time, upon request, the Parties will, without further consideration, promptly execute, deliver, acknowledge and file all such further documents, agreements, certificates and instruments and to do such further acts as the persons or entities entitled to the benefit of this Settlement Agreement may reasonably require to evidence or effectuate the transactions contemplated by this Settlement Agreement.

13. **Illegality**. If any provision of this Settlement Agreement is held to be illegal, void or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision in this Settlement Agreement. Notwithstanding the foregoing, upon any finding by a court of competent jurisdiction that any release provided for in this Settlement Agreement is illegal, void or unenforceable, each of the Parties agree, promptly upon the request of the other Party hereto, to execute a release that is legal and enforceable.

14. **Governing Law/Jurisdiction**. EXCEPT TO THE EXTENT (IF ANY) GOVERNED BY THE BANKRUPTCY CODE, THE SETTLEMENT AGREEMENT AND THE RIGHTS AND DUTIES OF THE PARTIES HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED, ENFORCED AND PERFORMED IN ACCORDANCE WITH THE LAWS OF THE STATE OF DELAWARE WITHOUT GIVING EFFECT TO PRINCIPLES OF CONFLICTS OF LAWS THAT WOULD REQUIRE THE APPLICATION OF LAWS OF ANOTHER JURISDICTION. THE PARTIES ACKNOWLEDGE AND AGREE THAT THE BANKRUPTCY COURT SHALL HAVE THE EXCLUSIVE JURISDICTION OVER THIS SETTLEMENT AGREEMENT AND THAT ANY CLAIMS ARISING OUT OF OR RELATED TO THIS SETTLEMENT AGREEMENT SHALL BE PROPERLY BROUGHT BEFORE THE BANKRUPTCY COURT AND CONSENTS TO SUCH BANKRUPTCY COURT'S POWER TO HEAR AND DETERMINE ALL SUCH CLAIMS AS A CORE PROCEEDING.

15. **No Admission of Liability**. This Settlement Agreement is in compromise of disputed claims between the Parties, and shall not be construed as an admission by the Parties or their respective present or former directors, officers, employees or agents, of a violation of any federal, state, or local statute, regulation, judicial doctrine, or other law, or a violation of any right, or breach of any duty or obligation owed to, or contract. All communications (whether oral or in writing) between the Parties, their respective counsel and/or other respective representatives relating to, concerning or in connection with this Settlement Agreement, or the matters covered hereby and thereby, shall be governed and protected in accordance with Federal Rule of Evidence 408 and all other similar rules and laws to the fullest extent permitted by law, and no Party hereto shall seek to admit this Settlement Agreement into evidence against any other party hereto, except in an action to enforce or interpret the terms of this Settlement Agreement.

16. **Caption**. The caption of this Settlement Agreement is for convenience only and is not a part of this Settlement Agreement and does not limit or amplify the terms of this Settlement Agreement and shall have no effect on its interpretation.

17. **Acknowledgment of the Parties**. Each of the Parties acknowledges that: (i) it has relied on its own independent investigation, and has not relied on any information or representations furnished by any other Party or any representative or agent thereof in determining whether or not to enter into this Settlement Agreement (other than the representations set forth in this Settlement Agreement); (ii) it has conducted its own due diligence in connection therewith, as well as undertaken the opportunity to review information, ask questions and receive satisfactory answers concerning the terms and conditions of this Settlement Agreement; and (iii) it possesses the knowledge, experience and sophistication to allow it to fully evaluate and accept the merits and risks of entering into the transactions contemplated by this Settlement Agreement.

18. **Authorization**. The person executing this Settlement Agreement on behalf of each respective Party warrants and represents that she or he is authorized and empowered to execute and deliver this Agreement on behalf of such Party.

Dated: May __, 2017

Dated: May __, 2017  Aug. 2, 2017

**CIARDI CIARDI & ASTIN**

Daniel K. Astin (No. 4068)
John D. McLaughlin, Jr. (No. 4123)
Joseph J. McMahon, Jr. (No. 4819)
1204 N. King Street
Wilmington, DE 19801
(302) 658-1100
(302) 658-1300 (Fax)
jmcmahon@ciardilaw.com

*Attorneys for Plaintiff*

**LIFE TECHNOLOGIES CORPORATION**

By: _____
Name: _____
Title: _____

Jordan S. Blask, Esq.
TUCKER ARENSBERG
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
jblask@tuckerlaw.com

*Defendant*

5