## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| TENGION, INC., | Case No. 14-12829 (CSS) |
| Debtor. | **Objection Deadline: March 9, 2018 @ 4:00 p.m.**<br>**Hearing Date: April 11, 2018 @ 1:45 p.m.** |
| CHARLES A. STANZIALE, JR., solely in his capacity as the Chapter 7 Trustee of Tengion, Inc., | Adv. Pro. No. 16-51959 (CSS) |
| Plaintiff, | |
| v. | |
| AON RISK SERVICES OF NEW YORK, INC., | |
| Defendant. | |

## TRUSTEE'S MOTION FOR APPROVAL OF
## COMPROMISE AND SETTLEMENT OF PREFERENCE CLAIM
## PURSUANT TO FED. R. BANKR. P. 9019

Charles A. Stanziale, Jr. (the "**Trustee**"), in his capacity as the chapter 7 trustee for the bankruptcy estate of Tengion, Inc. (the "**Debtor**"), through his undersigned counsel, moves this Court for entry of an order approving *Trustee's Motion for Approval of Compromise and Settlement of Preference Claim Pursuant to Fed. R. Bankr. P. 9019* (the "**Motion**"), and in support thereof, states as follows:

### JURISDICTION, VENUE, AND PREDICATE FOR RELIEF

1.     The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408, 1409.

3.      The predicate for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rule 9019**").

**BACKGROUND**

4.      On December 29, 2014 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Bankruptcy Code (as amended, the "**Bankruptcy Code**") in the Bankruptcy Court.   Charles A. Stanziale, Jr. was thereafter appointed as the Trustee in the Debtor's case.

5.      On February 13, 2017, the Bankruptcy Court entered an Order authorizing the employment of McCarter & English, LLP as counsel to the Trustee, which was later amended [D.I. 122] to adjust the compensation terms for McCarter & English, LLP's legal work on preference actions (from hourly to contingency).

6.      In accordance with his duties under the Bankruptcy Code, the Trustee has investigated the financial affairs of the Debtor, examined issues for the collection of estate property, and reviewed potential causes of action to avoid preferential transfers.

7.      Before commencing litigation, the Trustee met with his counsel and professionals about potential preference actions and avoidable transfers made by the Debtor.  One recipient of such transfers was Aon Risk Services of New York (now known as Aon Risk Services Northeast, Inc.) (the "**Defendant**").

8.      Before commencing formal litigation, the Trustee sent a demand letter to the Defendant in an effort to resolve the matter before commencing formal litigation.

9.      In late December 2016, the Trustee filed the within adversary proceeding against the Defendant.  Thereafter, after reviewing asserted defenses, the Trustee has settled, subject to

ME1 26680140v.2

Bankruptcy Court approval, the asserted preference claims against the Defendant (the "**Settlement**").

10.    By this Motion, the Trustee seeks Bankruptcy Court approval of the Settlement.

## SUMMARY OF THE SETTLEMENT[1]

| Defendant | Demand | Settlement Amount | Notes |
|---|---|---|---|
| Aon Risk Services of New York | $739,919 | $7,500 plus waiver of 11 U.S.C. § 502(h) claim | No Antecedent Debt Asserted and Mere-Conduit Defense; Mutual releases |

## RELIEF REQUESTED

11.    By this Motion, the Trustee seeks entry of an order, substantially in the form of the Proposed Form of Order, approving the Settlement.

12.    Bankruptcy Rule 9019, which governs the approval of compromises and settlements, provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

FED. R. BANKR. P. 9019.

13.    Bankruptcy Rule 9019 contains no standards for judicial approval of a settlement, but case law directs the Bankruptcy Court to determine whether the settlement is fair and equitable and in the best interests of the estate. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). The settlement need not be the best that could have been achieved, but only must fall "within the reasonable range of litigation possibilities." *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979) (citation omitted).

---

[1] This summary is included for ease of reference and is not controlling over the terms of the Settlement.

ME1 26680140v.2

14.     The decision to approve a settlement is "within the [sound] discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296.   In making its decisions, the Bankruptcy Court should not substitute its judgment for that of the trustee.  The Bankruptcy Court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness."  *Cosoff v. Rodman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise.  Rather, the court must conclude that the settlement is within the range of litigation possibilities") (internal quotation marks and citations omitted).

15.     The United States Court of Appeals for the Third Circuit has identified four factors (the "*Martin* factors") to be considered in determining whether a compromise should be approved:  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.*, 390 U.S. at 424-25).

16.     In passing on the reasonableness of a proposed compromise, the Bankruptcy Court "may give weight to the opinions of the Trustee, the parties and their counsel in determining the reasonableness of the proposed settlement." *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 412 (N.D. Ohio 1987); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I

substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other") (internal citations omitted).

17.     The Trustee believes that the Settlement rises above the "lowest point in the range of reasonableness."  Additionally, as discussed more fully below, each of the applicable *Martin* factors set forth above weighs in favor of approving the Settlement.  Respectfully, then, this Court should approve the Settlement pursuant to Bankruptcy Rule 9019 and applicable law.

## 1.     Probability of Success in Litigation

18.     Absent the Settlement, the preference claim would have to be litigated with no assurances of favorable outcomes for the Debtor's estate.  The Defendant has asserted defenses that, if litigated, could reduce the Trustee's probability of success in litigation.  The resolution of the claims under the terms and conditions of the Settlement is therefore a favorable outcome for the Debtor's estate and its creditors, because it will allow the Trustee and his professionals to dedicate their time and resources in administrating the estate and pursuing other matters toward that end.  The Trustee and his professionals evaluated and considered the merits of the asserted defenses by the Defendant when entering into the Settlement.

## 2.     Expense, Inconvenience, and Delay Necessarily Attending the Litigation

19.     The preference claim involves specific factual issues regarding the alleged transfers being pursued for avoidance under chapter 5 of the Bankruptcy Code, which could potentially require protracted litigation and, in turn, direct the Trustee and his professionals from pursuing other avenues of recovery for the estate.  The Settlement avoids these obstacles in favor of a prompt and efficient resolution without the need to expend further estate resources, while at the same time ensuring that the Trustee is maximizing the value of the Debtor's estate and

administering his fiduciary duties.

**3.      Paramount Interest of Creditors**

20.      Finally, approving the Settlement serves the paramount interest of the creditors of the Debtor's estate.  Resolving preference claims through the Settlement represents a successful outcome for the Debtor's creditors by obviating the need for potentially protracted litigation and directing the Trustee and his professionals' attention to closing the Debtor's bankruptcy case.  As the Settlement results in funds coming back to the Debtor's estate for the benefit of all creditors—including the waiver of a section 502(h) claim—the fourth *Martin* factor is satisfied and weighs heavily in favor of the Court approving the Settlement.[2]

21.      Based on the foregoing, the Trustee submits that approving the Settlement is in the best interests of the Debtor's estate and its creditors because it eliminates the possibility of any protracted litigation with the Defendant, eases the administrative burden on this estate, and provides for a recovery for the benefit of the Debtor's estate and its creditors.  The Settlement therefore represents a compromise between the parties that is fair and equitable and in the best interests of the Debtor's estate and its creditors.

**NOTICE**

22.      The Trustee has served the Motion on the United States Trustee, counsel for the Defendant, and parties who are required notice under Bankruptcy Rule 2002 as referenced below.  Notice of the Motion has been served on all creditors per the parties referenced on **Exhibit A** to the Certificate of Service.  A complete copy of the Motion and the Settlement Agreement is available upon written request to the counsel for the Trustee.

23.      No prior request for the relief sought herein has been made to any court.

---

[2] The second *Martin* factor (difficulty of collection) does not apparently apply to the consideration of approving the Settlement, and therefore should be weighed neutrally in the analysis.

6

ME1 26680140v.2

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that this Court enter the attached Proposed Form of Order granting Trustee's Motion approving the Settlement and granting such other and further relief as the Court deems just and equitable.

Dated: February 23, 2018    **McCARTER & ENGLISH, LLP**
          Wilmington, Delaware

                                        */s/ Kate Roggio Buck*
                                        Kate Roggio Buck (DE# 5140)
                                        Renaissance Centre
                                        405 N. King Street, 8th Floor
                                        Wilmington, DE 19801
                                        Telephone: (302) 984-6300
                                        Facsimile: (302) 984-6399
                                        Email: kbuck@mccarter.com

                                        *- and -*

                                        Charles A. Stanziale, Jr.
                                        Matthew  Heimann
                                        Four Gateway Center
                                        100 Mulberry Street
                                        Newark, NJ 07102
                                        Telephone: (973) 622-4444
                                        cstanziale@mccarter.com
                                        mheimann@mccarter.com
                                        *Attorneys for the Chapter 7 Trustee*

ME1 26680140v.2