**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TENGION, INC.,<br><br>                Debtor. | Chapter 7<br><br>Case No. 14-12829 (CSS)<br><br>**Hearing Date:  May 16, 2018 at 12:30 P.M. ET**<br>**Obj. Deadline:  April 18, 2018 at 4:00 P.M. ET** |
| CHARLES A. STANZIALE, JR., solely in his capacity as the Chapter 7 Trustee of Tengion, Inc.,<br><br>                Plaintiff,<br>    v.<br><br><br>Grant Thornton,<br><br>                Defendant. | Adv. Pro. No. 16-51963 (CSS) |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR APPROVAL
OF COMPROMISE AND SETTLEMENT OF CERTAIN PREFERENCE CLAIMS
PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF
<u>BANKRUPTCY PROCEDURE</u>**

Charles A. Stanziale, Jr., solely in his capacity as the duly appointed, qualified and serving Chapter 7 Trustee (the "<u>Chapter 7 Trustee</u>") for Tengion, Inc. (the "<u>Debtor</u>") hereby submits this motion (this "<u>Motion</u>") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for approval of a compromise and settlement between the Chapter 7 Trustee and Grant Thornton LLP ("<u>Grant Thornton</u>") on the terms and conditions set forth in the settlement agreement (the "<u>Settlement Agreement</u>") annexed hereto as **Exhibit B**. The settlement is summarily described on **Exhibit A**.  A proposed form of order (the "<u>Proposed

Form of Order") granting the relief requested is annexed hereto as **Exhibit C**. In support of the Motion, the Chapter 7 Trustee respectfully represents as follows:

## I.     Jurisdiction, Venue and Predicates for Relief

1.     The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The predicates for the relief requested herein are Bankruptcy Rule 9019(a) and Section 363(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code").

## II.     Background

### A.     General Background

3.     On December 29, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

4.     On December 30, 2014 (the "Appointment Date"), the Office of the United States Trustee for the District of Delaware appointed Charles A. Stanziale, Jr. as the Chapter 7 Trustee in the Debtor's bankruptcy case (the "Bankruptcy Case").

### B.     The Preference Demand

5.     The Chapter 7 Trustee and his counsel commenced an investigation of all payments or transfers made to creditors during the ninety (90) days prior to the Petition Date for purposes of identifying those transfers that may be avoidable under section 547 of the Bankruptcy Code. Subsequently, the Chapter 7 Trustee issued a number of demand letters to entities who received payments during the ninety-day avoidance period. Following the issuance of the demand letters, the Chapter 7 Trustee filed adversary proceeding complaints against certain

defendants.

6. Subsequent to the issuance of the demand letters and the filing of the adversary proceeding complaints, the Chapter 7 Trustee and Grant Thornton, following a thorough analysis of the transfers and an evaluation of the merits of the alleged defenses (including documentation), and after good faith, arms-length negotiations, have each agreed to settle the alleged avoidable transfers pursuant to the terms and conditions set forth in the Settlement Agreement annexed hereto as **Exhibit B.**

7. The Chapter 7 Trustee submits that the settlement is fair and in the best interests of the Debtor's estate and its creditors, and therefore seeks the Court's approval of the proposed settlement in accordance with the terms of the Settlement Agreement.

### III.    Summary of Relief Requested

8. By this Motion, the Chapter 7 Trustee seeks entry of an order, substantially in the form of the Proposed Form of Order, approving the compromise and settlement with Grant Thornton on the terms and conditions set forth in the Settlement Agreement.

### IV.    Basis for Relief Requested

9. Bankruptcy Rule 9019(a) governs the approval of compromises and settlements, and provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

FED. R. BANKR. P. 9019(a).

10. The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also Matter of Penn Central Transp. Co.*, 596

F.2d 1102, 1113 (3d Cir. 1979) ("In administrating reorganization proceedings in an economical and practical matter it will often be wise to arrange the settlement of claims ... .") (internal citation marks and quotation marks omitted).

11. In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit (the "Third Circuit") has stated that it is important that the bankruptcy court "apprise[] [it]self of all facts necessary [to form] an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, [and] estimate ... the complexity, expense and likely duration of such litigation ... all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Matter of Penn Central Transp. Co.*, 596 F.2d at 1114; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (describing the "ultimate inquiry to be whether the compromise is fair, reasonable, and in interest of the estate") (internal citations and quotation marks omitted).

12. The Third Circuit has enumerated four (4) factors that should be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)); *accord In re Nutraquest, Inc.,* 434 F.3d 639, 644 (3d Cir. 2006).

13. Furthermore, the decision to approve a compromise is "within the [sound] discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296. In making its decisions, the bankruptcy court should not substitute its judgment for that of the debtor. The court is not to decide the numerous questions of law or fact raised by the litigation,

but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the range of litigation possibilities") (internal quotation marks and citations omitted).

14. In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee, the parties and their counsel in determining the reasonableness of the proposed settlement." *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 412 (N.D. Ohio 1987); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness ... . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other.") (internal citations omitted).

15. The Chapter 7 Trustee believes that the proposed settlement rises well above the "lowest point in the range of reasonableness" in consideration of the defenses to the Chapter 7 Trustee's claims. Additionally, as discussed more fully below, each of the applicable *Martin* factors set forth above weighs in favor of approving the Settlement Agreement. The Court should therefore approve the Settlement Agreement pursuant to Bankruptcy Rule 9019 and applicable law.

    **A.**    <u>**Probability of Success in Litigation**</u>

16. Absent the Settlement Agreement, the claims asserted in the adversary complaint filed against Grant Thornton would have to be litigated with no assurances of favorable

outcomes for the Debtor's estate.  The resolution of the Chapter 7 Trustee's claims made against Grant Thornton under the terms and conditions of the Settlement Agreement are a favorable outcome for the Debtor's estate and its creditors because the resolutions will save the Debtor's estate from incurring expert witness and other expenses in any attendant litigation and protect the Debtor from the risk of an unfavorable outcome.  Indeed, the Chapter 7 Trustee evaluated and considered the merits of the affirmative defenses asserted by Grant Thornton when entering into the Settlement Agreement, including, but not limited to ordinary course, subsequent new value and contemporaneous exchange.

### B. Complexity of Litigation Involved, and Expense, Inconvenience, and Delay Necessarily Attending the Litigation

17. The Settlement Agreement satisfies the second factor in *Martin* analysis.[1]  Among other things, litigation of the claims by and between the Chapter 7 Trustee and Grant Thornton would involve expense and delay.  The Settlement Agreement avoids these obstacles in favor of a prompt and efficient resolution of the Chapter 7 Trustee's claims without the need to expend further estate resources.

### C. Paramount Interest of Creditors

18. Finally, entry into the Settlement Agreement serves the paramount interest of the creditors of the Debtor's estate.  Resolution of the claims by and between the Chapter 7 Trustee and Grant Thornton through the Settlement Agreement represents a successful outcome for the Debtor's creditors, infusing cash into the bankruptcy estate and obviates the need for potentially protracted litigation and the expenses necessarily attendant to such litigation.  The fourth *Martin* factor is therefore satisfied and weighs heavily in favor of the Court approving the Settlement

---

[1] The Chapter 7 Trustee believes that the Settlement Agreement does not present any issues regarding the second *Martin* factor (consisting of likely difficulties in collection).  Therefore, this factor weighs neither in favor nor against approval of the Settlement Agreement.

Agreements.

19. Based on the foregoing, the Chapter 7 Trustee submits that approval of the Settlement Agreement is in the best interests of the Debtor's estate and its creditors because it eliminates the possibility of any protracted litigation with Grant Thornton, eases the administrative burden on the estate, and provides for a meaningful recovery for the benefit of the Debtor's estate and its creditors. The Settlement Agreement therefore represents a compromise between the parties that are fair, equitable and in the best interests of the Debtor's estate and its creditors.

## V.    Notice

20. Notice of this Motion has been given to (a) Grant Thornton, (b) the Office of the United States Trustee for the District of Delaware, and (c) and those parties that have formally requested receipt of pleadings in the Debtor's case pursuant to Bankruptcy Rule 2002.

**[Continued on next page – space intentionally left blank]**

## VI. Conclusion

**WHEREFORE**, for the foregoing reasons, the Chapter 7 Trustee respectfully requests that the Court (i) enter an order, substantially in the form of the Proposed Form of Order annexed hereto as **Exhibit C**, authorizing and approving the Settlement Agreement annexed hereto as **Exhibit B**, and (ii) grant such other and further relief to the Chapter 7 Trustee as is just and proper.

Dated: April 3, 2018
      Wilmington, Delaware

CIARDI CIARDI & ASTIN

*/s/ Joseph J. McMahon, Jr.*
Daniel K. Astin (No. 4068)
John D. McLaughlin, Jr. (No. 4123)
Joseph J. McMahon, Jr. (No. 4819)
1204 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 658-1100
Facsimile: (302) 658-1300
jmcmahon@ciardilaw.com

*Attorneys for Charles A. Stanziale, Jr., Chapter 7 Trustee*